UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN ALLEN CARY,

        Plaintiff,              Case Number: 1:23-cv-13270

v.                                  Honorable Thomas L. Ludington
                                     United States District Judge
JOHN DOE and JOHN DOE,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On December 19, 2023, Plaintiff Bryan Allen Cary—while confined at the Gus Harrison Correctional Facility in Adrian, Michigan—filed a one-page *pro se* Complaint alleging two unidentified medical employees at the Woodland Center Correctional Facility in Whitmore Lake, Michigan deprived him of his Eighth Amendment rights in violation of 42 U.S.C. § 1983. ECF No. 1. Specifically, Plaintiff alleges that, in October and November 2023, he filed several "kites"[1] complaining of various medical problems—including a brain cyst, a torn hamstring, a torn rotator cuff, pain from a broken thumb, headaches, and dizziness—but "no treatment was given." *Id.* at PageID.2. Simultaneous to filing his Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. ECF No. 2; *see also* ECF No. 1-1 at PageID.5. Upon review of the Complaint and Plaintiff's litigation history in the federal courts, this Court concludes that Plaintiff's Complaint must be dismissed without prejudice under 28 U.S.C. § 1915(g).

---

[1] "Kites are internal mail prisoners can send to prison [employees and] officials" to "express grievances." *McCracken v. Haas*, 324 F. Supp. 3d 939, 943, n. 1 (E.D. Mich. 2018).

Under the Prisoner Litigation Reform Act of 1995 (PLRA), a prisoner may not proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed earlier complaints filed by the prisoner for frivolity, maliciousness, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The statute provides a narrow exception to this "three-strikes rule" only when the prisoner is "under imminent danger of serious physical injury." *Id.*

Federal courts have dismissed at least three of Plaintiff's prior complaints for frivolity, maliciousness, or failure to state a claim. *See*, *e.g.*, *Cary v. Losacco*, No. 18-cv-11396, 2018 WL 9810849 (E.D. Mich. July 11, 2018) (denying Plaintiff's *pro se* complaint because it did not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Cary v. McCaul*, No. 18-cv-00652, 2018 WL 3867516 (W.D. Mich. Aug. 15, 2018) (denying Plaintiff's *pro se* retaliation complaint because he "utterly fail[ed] to allege that the inmates for whom he wrote grievances would otherwise be unable to seek redress" such that he did "not show that he was engaged in protected conduct"); *Cary v. Eaton*, No. 11-cv-13151, 2011 WL 4916676 (E.D. Mich. Oct. 17, 2011) (denying Plaintiff's *pro se* complaint for failing to state First and Fourteenth Amendment claims upon which relief could be granted). Indeed, federal Courts have dismissed *several* of Plaintiff's prior *pro se* complaints under the PLRA's three-strikes rule. *See, e.g., Cary v. Farris,* No. 22-12136, 2022 WL 10145635 (E.D. Mich. Oct. 17, 2022); *Cary v. Loxton*, No. 2:22-CV-10854, 2022 WL 1670101 (E.D. Mich. May 25, 2022); *Cary v. Dalton*, No. 1:21-CV-13047, 2022 WL 125528 (E.D. Mich. Jan. 12, 2022); *Cary v. Ali*, No. 2:21-CV-13044, 2022 WL 71776 (E.D. Mich. Jan. 6, 2022); *Cary v. Allen*, No. 2:21-CV-10415-TGB, 2021 WL 1165498 (E.D. Mich. Mar. 26, 2021); *Cary v. Pavitt*, No. 2:19-CV-13397, 2019 WL 7020352 (E.D. Mich. Dec. 20, 2019); *Cary v. Peterson*, No. 2:19-CV-13393,

2019 WL 6339843 (E.D. Mich. Nov. 27, 2019); *Cary v. Board*, No. 19-CV-12634, 2019 WL 10754111 (E.D. Mich. Nov. 18, 2019).

Although Plaintiff's instant *pro se* Complaint could plausibly be construed as complaining of "past dangers" that occurred during his confinement at the Woodland Center Correctional Facility, these allegations are "insufficient to invoke" the three-strikes rule's imminent danger exception. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). So, Plaintiff's Complaint will be dismissed under the PLRA's three-strikes rule. And, because this Court concludes an appeal would not be taken in good faith, Plaintiff will be denied leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE,** to the extent he wishes to re-file the case and pay the required filing fees.

Further, it is **ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis, ECF No. 2, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

Dated: October 25, 2024                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge